UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CREATIVE PICTURE FRAMING, INC** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 07-4422** |
| **UNITED FIRE GROUP, ET AL.** | * | **SECTION "L"** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Vacate Dismissal and/or to Grant Relief under Federal Rule of Civil Procedure 60, and to Stay Proceedings, or Alternatively, to Transfer and/or for Partial Reinstatement of Proceedings (Rec. Doc. No. 10). For the following reasons, the Motion is DENIED.

### I. BACKGROUND

On August 27, 2007, the Plaintiff, Creative Picture Framing, Inc., filed suit against Defendants, United Fire Group, United Fire and Casualty Co., and Lafayette Insurance Co., in this Court. (Rec. Doc. No. 1). The Plaintiff requested compensation for damages to the Plaintiff's business resulting from Hurricane Katrina. In addition to damages for breach of contract, the Plaintiff also sought bad faith penalties, attorney's fees and costs, declaratory judgment, and injunctive relief.

On September 20, 2007, the Plaintiff, upon learning that Lafayette Insurance Co. was a Louisiana corporation and thus a non-diverse party, filed an Ex Parte Motion for Voluntary Remand and/or Transfer to State Court. (Rec. Doc. No. 8). On October 22, 2007, without the authority to remand or transfer the case to state court, the Court construed the Plaintiff's motion

as a request for voluntary dismissal under Federal Rule of Civil Procedure 41(a) and dismissed the case without prejudice. (Rec. Doc. No. 9). Acknowledging that complete diversity was lacking, the Court explained that,"[b]ecause this case was originally filed in federal court, remand is not an option." *See* Fed. R. Civ. Proc. 12(h)(3); *White v. Comm. Standard Fire & Marine Co.*, 450 F.2d 785, 786 (5th Cir. 1971). Further, the Court found that the Federal Rules provided no mechanism by which the case could be transferred to state court. Accordingly, the Court dismissed the case without prejudice.

On October 31, 2007, the Plaintiff re-filed its Complaint in the 22nd Judicial District Court for the Parish of St. Tammany, bearing civil action number 2007-15850. The Defendants responded with declinatory exceptions, dilatory exceptions, and peremptory exceptions, arguing that the Plaintiff's state court claims were not timely filed and should be barred by prescription. According to the Defendants, the Plaintiff's federal suit did not toll prescription because this Court never had proper jurisdiction over the action.[1]

On September 22, 2008, the Plaintiff filed the instant Motion to Vacate Dismissal and/or to Grant Relief Under Rule 60, and to Stay Proceedings, or Alternatively, to Transfer and/or for Partial Reinstatement of Proceedings (Rec. Doc. No. 10). In an attempt to save its state court claims from prescription and/or pursue its claims against the diverse defendants in federal court, the Plaintiff asks this Court to: (a) vacate its earlier order of voluntary dismissal pursuant to Rule 60 of the Federal Rules of Civil Procedure; (b) transfer this action to state court pursuant to 28 U.S.C. §1631; or (c) partially reinstate the action as to the diverse defendants only.

## II.    LAW & ANALYSIS

---

[1] The Fifth Circuit has held that a plaintiff's voluntary dismissal of an earlier suit without prejudice does not toll the prescriptive period for bringing suit in another forum. *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985).

### A. Rule 60(b) Motion to Vacate Dismissal

Federal Rule of Civil Procedure 60(b) grants district courts the authority, on motion and just terms, to relieve a party or its legal representative from a final judgment, order, or proceeding for various enumerated reasons, including, *inter alia*, "[m]istake, inadvertence, surprise or excusable neglect." The extraordinary relief afforded by Rule 60(b), however, requires that "the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985). The decision to grant or deny Rule 60(b) relief is within the sound discretion of the trial court. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2002).

In *Verret v. Elliot Equipment Corp.*, 734 F.2d 235 (5th Cir. 1984), the Fifth Circuit held that a district court did not abuse its discretion when it denied a Rule 60(b) motion to vacate an earlier dismissal for lack of subject matter jurisdiction, even though the dismissal had potentially adverse prescriptive effects on the plaintiff's state court action. Although the plaintiff in *Verret* had initially filed suit in federal district court based on diversity jurisdiction, the plaintiff later joined a non-diverse party to the action. *Id.* at 236. When the defendant later moved to dismiss for lack of subject matter jurisdiction, the plaintiffs did not object, and the district court granted the motion. *Id*. The plaintiff then filed suit in state court against the defendants, albeit after the prescriptive period had already run. *Id*. The defendants moved to dismiss the state court action on prescriptive grounds, arguing that the filing of the federal suit, which had been dismissed for a lack of jurisdiction, did not interrupt prescription as to the state suit. *Id*.

Seeking to reinstate the federal suit and proceed against the diverse defendants, the plaintiff in *Verret* later filed a Rule 60(b) motion to vacate the district court's order of dismissal. *Id.* The district court rejected the plaintiff's motion, reasoning that any adverse consequences

the dismissal had on the plaintiff's state court action were not "prejudicial" for purposes of a Rule 60(b) analysis. *Id.* at 237. In affirming the trial court's ruling, the Fifth Circuit noted that "the plaintiff's dissatisfaction with the adverse effects of any state court action is more properly a matter to be pursued in the state courts." *Id*. at 237, n. 4.

After reviewing the briefing, the relevant law, and the procedural history of the case, the Court finds that the Plaintiff has failed to demonstrate the extraordinary circumstances necessary for relief under Rule 60(b). Like the plaintiff in *Verret*, the Plaintiff in the instant case may be faced with the harsh consequence of having no court in which to file suit, as this Court lacks subject matter jurisdiction and the state court claims may be barred by prescription. Admittedly, this is a harsh result. As the Fifth Circuit explained in *Verret*, however, the adverse prescriptive effects in state court do not necessarily give rise to relief under Rule 60(b), especially when the district court initially dismissed the matter for lack of subject matter jurisdiction. In such a situation, as suggested by *Verret*, the plaintiff should pursue the issue of prescription in state court, rather than through a Rule 60(b) motion in federal court.[2] Accordingly, the Court finds that the Plaintiff has failed to demonstrate sufficient grounds for relief under Rule 60(b).

**B.      Motion to Transfer and/or for Partial Reinstatement of Proceedings.**

In the alternative, the Plaintiff asks this Court to transfer the matter to state court pursuant to 28 U.S.C. §1631, or partially reinstate the proceedings against only the diverse defendants. The Plaintiff contends that 28 U.S.C. §1631 authorizes this Court to transfer the

---

[2]In addition, the Court notes that this case differs from *Verret* in at least one interesting, though not dispositive, respect: whereas the plaintiff in *Verret* had initially filed suit against diverse defendants but then joined a non-diverse defendant at a later stage of the proceedings, the Plaintiff in the instant suit expressly named a non-diverse party as a defendant in the initial complaint. Therefore, unlike the district court in *Verret*, which at least initially had subject matter jurisdiction over the matter, this Court never had jurisdiction over the instant suit, which involved, from the outset, state law claims asserted against non-diverse parties.

matter to state court despite the fact that the case was never filed in state court. The Plaintiff's reliance upon 28 U.S.C. §1631, however, is misplaced. 28 U.S.C. §1631 provides that,

> whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

As the term "court" is used in the statute, the term refers only to "the courts of appeals and district courts of the United States." *See* 28 U.S.C. §610. Accordingly, the statute expressly contemplates transfer between two federal courts, as opposed to transfer between a federal court and a state court. *See McLaughlin v. Arco Polymers, Inc*., 721 F.2d 426 (3d Cir. 1983) ("Both the statutory language and the legislative history show that this provision was directed to the federal court system."). As the Third Circuit explained in *McLaughlin*, 28 U.S.C. §1631 does not give a federal court lacking subject matter jurisdiction over a case the authority to transfer the case to state court. *Id.* Further, because the suit was initially filed in federal court, remand is also not an option.

Finally, the Plaintiff requests that the Court partially reinstate the proceedings against only the diverse defendants in order to preserve diversity jurisdiction. Such a partial reinstatement, however, would require the Court to vacate its earlier dismissal pursuant to Rule 60(b), which, as indicated by the foregoing analysis, does not provide the Plaintiff with grounds for relief in these proceedings.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Vacate Dismissal is DENIED.

New Orleans, Louisiana, this 18th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE